IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.:

CADU MEDICAL, LLC, a Delaware Limited
Liability Company and PETER GROVERMAN, an
individual,

    Plaintiffs,

vs.

HARTWELL CAPITOL CONSULTING LLC, a
Florida limited liability company and ROBERT
HARTWELL, an individual,

    Defendant.

_____/

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF AND DEMAND FOR TRIAL BY JURY

Plaintiffs, CADU MEDICAL, LLC, a Delaware limited liability company (hereinafter "CADU") and Peter Groverman, an individual ("Groverman") (collectively "plaintiffs") sues the defendants, Hartwell Capitol Consulting, LLC, a Florida limited liability company ("Hartwell Company) and Robert Hartwell, an individual ("Hartwell Individual") (collectively "Hartwell") for damages and injunctive relief and demands a trial by jury regarding all issues so triable as follows.

## JURISDICTIONAL AND VENUE ALLEGATIONS

1. This is a cause of action for damages and injunctive relief.  The action for damages is subject to the jurisdiction of the Court pursuant to 28 U.S.C.A. § 1332(a) (1-4) as the amount in controversy is in excess of Seventy-Five Thousand Dollars ($75,000.00); exclusive of attorneys' fees, costs and related expenses and the parties are located in different states.

2. Plaintiff, CADU, is a foreign limited liability company principally domiciled in the State of Delaware and is doing business throughout the country including, without limitation, in

Case 8:20-cv-02620-MSS-TGW   Document 1   Filed 11/09/20   Page 2 of 9 PageID 2

*CADU Medical LLC adv. Hartwell Capitol Consulting*
*Case No.:*

the Middle District of Florida through certain communications and dealings with Hartwell that is the subject of the pending action.

3. Groverman is an individual that resides in the State of Pennsylvania and is the managing member of CADU. There are no other managing members of CADU.

4. Hartwell Company is a Florida limited liability company that is principally domiciled and doing business in the Middle District of Florida.

5. Hartwell resides and is domiciled in the Middle District of Florida. Hartwell is listed as the manager and the registered agent of Hartwell Company. Upon information and belief, Hartwell is the sole manager of Hartwell Company.

6. Venue properly lies in The Middle District of Florida because the defendants are domiciled and doing business in The Middle District of Florida and engaged in interstate commerce through, in part, engaging in false and disparaging communications regarding Groverman and CADU

## GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

7. COVID-19 (hereinafter "the virus") is a worldwide pandemic; the scope and breathe of the problem has resulted in the citizenship of the world population experiencing death, disease and economic collapse.

8. As documented, extensively, the world is experiencing severe medical supply shortages. The virus is airborne; those who are on the front lines of the virus cannot safely treat the patients without having personal protective equipment, or PPE.

9. Entrepreneurs have attempted to help establish supply chains to provide the need and profit from the shortages in PPE through acting as middle-men for foreign/domestic companies who produce and manufacture the PPE then resell the PPE to other middle-men, hospitals, medical facilities, distributors, or others in the medical field, and Government. This is known in the industry as the PPE supply chain.

10. The PPE supply chain is new and unregulated. It came about due to need arising from the pandemic and severe shortages in PPE goods and related services.

Case 8:20-cv-02620-MSS-TGW   Document 1   Filed 11/09/20   Page 3 of 9 PageID 3

*CADU Medical LLC adv. Hartwell Capitol Consulting*
*Case No.:*

11. Due to the industry being unregulated with the products being in high demand, the industry has experienced individuals trying to take advantage of the opportunity and fraud and fraudulent representations exist everywhere in the supply chain. For example, some in the supply chain have alleged being in possession of PPE when, in fact, they were not; such omission or material misrepresentation has caused reliance by others in the supply chain and has resulted in delays or the complete failure to deliver product to the end user.

12. Groverman has history of trading and developing global trading networks for goods and products throughout the world.

13. Groverman sought to leverage his unique experience in selling, trading and distributing products through his global network of over 5000 buying partners in over 45 countries, worldwide, into developing a presence in the PPE industry.

14. To do so, Groverman formed and organized CADU Medical Supply LLC.

15. Groverman was introduced to Hartwell at the outset of the pandemic, or in March, 2020. At that time, Hartwell represented that he would be able to procure masks from one of the manufacturers of the product, or 3M, Inc. ("MMM"). MMM is a publicly traded company that has been listed on the New York Stock Exchange for years. It is known as a leader in the manufacturing of products for medical, industrial and residential needs across the world.

16. It was known in both (i) the reporting on the pandemic and (ii) through private industry seeking to profit from the issues being created by the pandemic that PPE was in short supply.

17. Hartwell represented that he would be able to procure PPE through his connections with MMM. Groverman would, in turn, utilize his network of over 500 trading partners on a world-wide platform to resell the PPE product received through Hartwell and his connection with MMM to a comprehensive and extensive list of proposed third party purchasers of the product.

18. In furtherance of the business opportunity, Hartwell added and invited Groverman to a daily e-newsletter correspondence a list of the Hartwell Company's health care team in late

Case 8:20-cv-02620-MSS-TGW   Document 1   Filed 11/09/20   Page 4 of 9 PageID 4

*CADU Medical LLC adv. Hartwell Capitol Consulting*
*Case No.:*

March. The health care team was impressive; it included prominent executives and government actors with as Hartwell described "experience" in the field.

19. Groverman relied on Hartwell representations of (i) connections with 3M to purchase the PPP and (ii) his impressive list of executives listed on the Hartwell Company health care team by agreeing to work with Hartwell and Hartwell Company through procuring applicable PPE from MMM and approved/vetted MMM vendors and selling PPE for profit to other third party individuals and end-user-companies.

20. By early May, 2020, Hartwell and Hartwell Company had established a network of companies that were interested in reselling PPE products—including toilet paper, hand sanitizers and masks—to third parties for profit.

21. Hartwell and the Hartwell Company sought to profit from the arrangement through, in part, requesting the network of third-party providers to sign a revenue sharing agreement. The plaintiffs refused to sign a revenue sharing agreement with either Hartwell or Hartwell Company at that time. Groverman and Hartwell agreed to conduct business independently and commissions would be agreed to on a deal-by-deal basis.

**A.     The Defendants' false representations regarding its ability to locate PPE supplies**

22. The plaintiffs, in reliance in the representations of the defendants and their alleged ability to fill orders through their relationships with companies including 3M, sought to fill various orders issued by third party buyers to the plaintiffs. The defendants should have been able to fill such orders based on the defendants' prior representations and conduct. They would not, however, do so. Instead, the defendants provided the plaintiff with a series of misrepresentations regarding their ability to locate PPE supplies through third party connections. Each of those representations turned out to be false. Groverman learned of the falsity of the representations and communicated his frustration with the falsity of the representations. The defendant, after lying and/or, at a minimum, misrepresenting their connections and their ability to receive supplies for resale during the pandemic, heard the plaintiff's communication and retaliated through false and defamatory statements.

Case 8:20-cv-02620-MSS-TGW   Document 1   Filed 11/09/20   Page 5 of 9 PageID 5

*CADU Medical LLC adv. Hartwell Capitol Consulting*
*Case No.:*

23. **The first representation.** The first representation occurred in late May, 2020. There, the plaintiff received a request from a company in Mexico. The company in Mexico provided the plaintiffs with an urgent request for the plaintiffs to fill 2 to 10 million "MMM 1860 masks".

24. The plaintiffs turned to Hartwell and the Hartwell Company to fulfill the order. Hartwell issued an email to Groverman in early June. The email provides that the Hartwell Company would have the order fulfilled.

25. The Hartwell Company, however, did not fulfill the order. The company in Mexico did not receive the 2 to 10 million masks from the plaintiffs. The plaintiffs lost the business opportunity and Hartwell had no verifiable excuse for the lack of performance.

26. The parties were operating in a new market based on the issues associated with the pandemic. The defendants' held themselves out as being experts in acquiring the necessary supplies and had the connections to prove it. The plaintiff continued to rely and trust the defendants given the violably of the market.

27. **The second representation.** The viability of purchasing PPE from MMM and whether one of Hartwell's "connections" could provide the quantity of PPE supplies from MMM that Hartwell claimed, in emails dated—without limitation—June 17, 2020 that he could.

28. **The third representation.** Hartwell issued an email dated June 18, 2020 regarding more alleged connections to suppliers of masks and the ability of those suppliers to sell the masks.

29. **The fourth representation.** Hartwell issued an email to his e- newsletter network, including Groverman, dated July 9, 2020 regarding bringing in gowns and gloves from overseas. The email provided, in part, that the network was asked to speak to two of Hartwell's alleged contacts for such equipment.

30. **The fifth representation.** Hartwell issued another email to his network dated August 6, 2020 regarding those that were allegedly able to procure PPE supplies.

31. **The sixth representation.** A series of emails between Groverman and Hartwell regarding Hartwell's access to a person with MMM for the distribution of products and services to end users in August, 2020.

Case 8:20-cv-02620-MSS-TGW   Document 1   Filed 11/09/20   Page 6 of 9 PageID 6

*CADU Medical LLC adv. Hartwell Capitol Consulting*
*Case No.:*

32. The seventh representation. In August, 2020, the plaintiffs had a request from a buyer regarding the purchase of Nitrile gloves. Groverman turned to the defendants. Hartwell indicated that he could fill the order. Hartwell introduced the plaintiff to David Lukens a colleague who "has gloves." Hartwell issued Groverman an email dated August 13, 2020. The email provided the product specifications for the gloves as an attachment. The body of the email provides, in part, as follows:

> We have four different kinds of gloves and approximately 8 factories at our disposal. As you may know, my partners are RanierMed who have direct ties to the "Super Committee" in Vietnam. . ..
>
> We have lined up additional capacity in the hundreds of million boxes per month in Malaysia as well. Our best prices are there with FDA Approved Medicare and Livelife gloves and also Brightways. I've attached the Medcare specs.
>
> Our offer to you is to provide you a one time or continuing production run starting with 50 million or more boxes per month at $7.55 CIF Long Beach per box. We can start shipping and have product landed in approximately 20 days. The process is easy. PO backed by money in escrow or a BCL. Production and when we have enough product to ship in just a few days we start or wait based on your wishes for partial or full shipments. Once produced, product is inspected and shipped and no money is transferred until the product has SGS in the US and is accepted. Dave, please confirm that I have this right.
>
> Peter, Dave is the CEO of Pembroke Capital and with RanierMed was founded early this year because of their strong ties to Vietnam.

33. The defendants continued to pass along the representation regarding their access to gloves through the issuance of different names of persons that may be able to issue the gloves to Groverman for the benefit of Groverman's buyer - including having access to gloves "on the ground ready in the USA." Groverman followed the leads but the leads were all dead ends. This is contrary to the email, above.

34. Groverman confronted Hartwell. He questioned Hartwell's intentions and Hartwell's vetting of his network. Groverman cited another instance where Hartwell had led Groverman and Cadu down a path to a Boston Globe reported fraudster and "why does this keep happening?". Hartwell—after issuing an email to Groverman confirming that he was in possession of gloves—now claimed that he was "not in possession" of the gloves and provided Groverman

Case 8:20-cv-02620-MSS-TGW   Document 1   Filed 11/09/20   Page 7 of 9 PageID 7

*CADU Medical LLC adv. Hartwell Capitol Consulting*
*Case No.:*

with a number of excuses regarding his own failure to furnish the gloves to Groverman and that he will "contact you again after we successfully bring in a container load to the USA".

35. After Hartwell failed to deliver on the seventh representation, Groverman discontinued any further communications with Hartwell.

**B.   The Defendants' disparaging comments regarding the plaintiffs**

36. On August 28, 2020, Hartwell sends an email to the e-newsletter network; implying Groverman as a "*snot nose kid from rude cites*".

37. Unknown to Groverman, Hartwell removed Groverman from his daily e-newsletter and the following week further communicated to the network that Groverman was (i) "blacklisted"; (ii) "was put on a watch list involving PPE Products"; (iii) was "a price gouger"; (iv) an "obnoxious reckless broker"; and (v) the network was told to "stay away" from Groverman.

38. Hartwell, who clearly and in writing, promised the delivery of PPE product to Groverman and then not only failed to deliver the PPE product, but also defamed and disparaged Groverman regarding his character and business ethics.  Groverman had one active business partner/affiliate message him telling him to "remove my contact information, we can no longer work together you are on a bad actors' list from Hartwell."

39. This is conduct designed to damage CADU and Groverman in business.  The conduct was intentional, outrageous, a true falsehood, and cannot be tolerated in civilized society.

**C.   Compliance with conditions precedent**

40. All conditions precedent has been met or has otherwise been waived and/or satisfied.

## COUNT I—DEFAMATION

41. Plaintiffs readopt and reincorporate the allegations contained in Paragraphs 1 through 40, inclusive, as if specifically incorporated herein.

42. Plaintiffs bring a cause of action sounding in defamation against the Defendants.

Case 8:20-cv-02620-MSS-TGW   Document 1   Filed 11/09/20   Page 8 of 9 PageID 8

*CADU Medical LLC adv. Hartwell Capitol Consulting*
*Case No.:*

43. The Defendants deliberately and intentionally disparaged and insulted Groverman to their network of PPE providers after Groverman blatantly discovered that the defendants were making false representations regarding their ability to obtain supply for resale.

44. The Defendants published the defamatory statements knowing that they were false and/or with reckless disregard for whether the statements were false.

45. The defamatory statements have exposed the plaintiffs to contempt and ridicule, caused him to be shunned or avoided, have injured him in his occupation and have caused him a loss of reputation and goodwill. Additionally, the defamatory statements have caused the plaintiffs with mental anguish, anxiety, worry, grief, humiliation, embarrassment, indignity, apprehension, fear, ordeal, loss of business relationships, loss of employment abilities and others. The Plaintiff also lost potential business from transactions that were actively being pursued.

**WHEREFORE**, Plaintiffs demand the entry of a judgment for damages against the Defendants for defamation and further demands any further relief that the Court deems fair, just and equitable.

## COUNT II—*PER SE* DEFAMATION

46. Plaintiffs readopts and reincorporates the allegations contained in Paragraphs 1 through 40, inclusive, as if specifically incorporated herein.

47. Plaintiffs brings a cause of action sounding in per se defamation against the Defendants.

48. The Defendants deliberately and intentionally disparaged and insulted Groverman to their network of PPE providers after Groverman blatantly discovered that the defendants were making false representations regarding their ability to obtain supply for resale.

49. The Defendants published the defamatory statements knowing that they were false and/or with reckless disregard for whether the statements were false.

50. The defamatory statements have exposed the plaintiffs to contempt and ridicule, caused him to be shunned or avoided, have injured him in his occupation and have caused him a loss of reputation and goodwill. Additionally, the defamatory statements have caused the plaintiffs

to mental anguish, anxiety, worry, grief, humiliation, embarrassment, indignity, apprehension, fear, ordeal, loss of business relationships, loss of employment abilities and others.

     **WHEREFORE**, Plaintiffs demand the entry of a judgment for damages against the Defendants for per se defamation and further demands any further relief that the Court deems fair, just and equitable.

     Dated this 9th day of November, 2020

                                                         Respectfully submitted,

                                                         THE LAW OFFICES OF GEOFFREY D. ITTLEMAN, P.A.
955 S. FEDERAL HWY, SUITE 339
Fort Lauderdale, Florida 33316
Tel: (954) 462-8340
Fax: (954) 462-8342
geoffrey@ittlemanlaw.com

                            By:     */s/ Geoffrey Ittleman*
                                     Geoffrey D. Ittleman, Esq.
                                     Fla. Bar No.: 377790